UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Craig Shaw,

    Plaintiff,

v.                                              Civil Action No. 18-13830

City of Riverview, et al.,        Sean F. Cox
                                              United States District Court Judge

    Defendants.
_____/

## ORDER
## DENYING MOTION TO REMAND FEDERAL CLAIMS
## AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
## OVER STATE-LAW CLAIMS

On or about November 21, 2018, Plaintiff Craig Shaw filed an action against Defendants in state court. Plaintiff's complaint asserts three federal claims (Count I, "Violation of Substantive Due Process" and Counts II and III, "Violation of 42 USC § 1983") and two state-law claims (Count IV "Declaration of Rights" and Count V "Breach of Contract"). Defendant removed the matter to federal court, based upon federal-question jurisdiction over Counts I, II, and III.

Thereafter, Plaintiff filed an "Objection to Removal" (ECF No. 8) that this Court construes as a Motion to Remand.

Defendants filed a response to the motion on January 31, 2019, wherein they assert that they properly removed Plaintiff's federal claims to this Court. Defendants agree with Plaintiff that diversity jurisdiction is not a proper basis for removal to this Court (ECF No. 10 at 10 n.3) but they ask this Court to exercise its "discretion to retain supplemental pendent jurisdiction over the state law claims asserted by Plaintiff." (ECF No. 10 at 9).

The motion has been briefed by the parties and the Court concludes that a hearing is not necessary.

To the extent that Plaintiff asks this Court to remand his federal claims to state court, the motion is **DENIED**. Plaintiff's federal claims were properly removed to this Court.

This Court, however, **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiff's state-law claims.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of State law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

This Court concludes that the state-law claims predominate over the federal claims in this action and may raise complex or novel issues of state law. In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiff's state-law claims and **REMANDS** Counts IV and V to Wayne County Circuit Court.

**IT IS SO ORDERED**

Dated: February 14, 2019

s/Sean F. Cox
Sean F. Cox
U. S. District Judge